# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03-CV-409-GCM

| | |
|---|---|
| PERCY ALLEN WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| HONORABLE JESSE B. CALDWELL, ) | |
| III, Mecklenburg County Superior Court ) | |
| Judge; LUCKY T. OSLO, Public Defender; ) | |
| and SHEENA WEST, Assistant District ) | |
| Attorney, ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on Plaintiff's Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. 8); Plaintiff's Motion to Reopen Time to File an Appeal (Doc. No. 9); and Plaintiff's Motion for Abeyance (Doc. No. 10).

## I. BACKGROUND FACTS

On August 20, 2003, Plaintiff filed an action pursuant to 42 U.S.C. § 1983, in which he named as Defendants a state superior court judge, a public defender, and an assistant district attorney. In his Section 1983 Complaint, Plaintiff alleged that on May 19, 2003, Defendant Judge Caldwell violated his constitutional right to Due Process when he arraigned Plaintiff without having first obtained a copy of Plaintiff's medical records pertaining to a court-ordered psychiatric evaluation.

Plaintiff further alleged that Defendant Osho, who was assigned to represent him, rendered ineffective assistance of counsel based on counsel's failure to seek a continuance of the

arraignment where Osho knew that Plaintiff's medical records had not been received by the court. Finally, Plaintiff alleged that Defendant West violated his due process rights when she refused to seek a continuance and instead proceeded with the arraignment. On August 18, 2004, the Court dismissed Plaintiff's complaint, and Plaintiff did not appeal. More than seven years later, on July 15, 2011, Plaintiff filed the pending motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On November 15, 2011, Plaintiff filed the pending Motion to Reopen the Time to File an Appeal and the Motion for Abeyance.

## II. DISCUSSION

The court first addresses Plaintiff's motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In support of Plaintiff's motion, Plaintiff contends, among other things, that this Court's Order dated August 18, 2004, dismissing Plaintiff's Section 1983 is void because the ruling by this Court was a result of the Court's own fraud and misrepresentation. Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Significantly, for the purpose of Plaintiff's pending motion, Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Here, it is clear that Plaintiff's Rule 60(b) motion was not made within one

2

year after entry of the Court's Order in this case. Furthermore, the filing of the Rule 60(b) motion eleven years after this Court's Order dismissing Plaintiff's Section 1983 action is patently unreasonable. Therefore, the Court denies Plaintiff's Rule 60(b) motion, as it was filed well beyond the time limit under Rule 60(c).

Next, Plaintiff seeks an order from this Court allowing him to file an appeal from the Court's August 18, 2004, Order. Plaintiff contends that he can show excusable neglect for failing to timely appeal the Court's prior Order dated August 18, 2004, because he never received notice of the Order. Plaintiff's motion is denied. A Mailing Certificate of Clerk, dated August, 18, 2004, and attached to the Court's Order dismissing Plaintiff's Section 1983 Complaint, indicates that the Clerk of this Court mailed a copy of the Order to Plaintiff at the following address: Central Prison, Legal Mail, T265171, 1300 Western Blvd., Raleigh, NC 27602.[1] (See Doc. No. 7). Plaintiff's motion is without merit and will be denied.

Finally, Plaintiff has filed a "Motion for Abeyance." It is unclear exactly what matter Plaintiff wants the court to hold in abeyance. In any event, the motion for abeyance will be denied as moot since the court is denying Plaintiff's Rule 60(b) motion and his motion for leave to file an untimely appeal.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion brought pursuant to Rule 60(b) (Doc. No. 8) is **DENIED**.

(2) Petitioner's Motion to Reopen the Time to File an Appeal (Doc. No. 9) is **DENIED**.

(3) Petitioner's Motion for Abeyance (Doc. No. 10) is **DENIED**.

---

[1] Even assuming Plaintiff did not receive notice of the Order, Plaintiff could have made inquiry long before seven years had passed after dismissal of his Section 1983 action.

Signed: January 30, 2012

Graham C. Mullen
United States District Judge